**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000849
23-AUG-2017
08:17 AM**

NO. CAAP-16-0000849

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KEVIN L. HOUSE, HOUSE'S HOME INVESTMENT, LLC,
Plaintiffs-Appellees,
v.
MARK A. DIAZ and WILEMINA E. HEMMY,
Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1RC16-1-000560)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendants-Appellants Mark A. Diaz and Wilemina E. Hemmy (collectively, "Appellants") appeal from the denial of the Motion for Reconsideration or New Trial, filed on November 23, 2016 in the District Court of the First Circuit, Honolulu Division ("District Court").[1]

In the Statement of Points of Error in the Brief for the Appellants, Appellants state that (1) a move-in fee paid by Diaz was not acknowledged, (2) Diaz obtained the keys to the premises as a rental, not a one time showing for sale of the premises, (3) the District Court lacked subject matter jurisdiction based on the testimony of Kevin L. House and House's Home Investments LLC, Plaintiffs-Appellees (collectively, "Appellees"), (4) the District Court did not enforce a subpoena on Appellees' witness, and (5) according to a contract admitted

---

[1] The Honorable Hilary Gangnes presided.

into evidence, Diaz was acting as an agent of Appellees which deprived the District Court of subject matter jurisdiction. Appellants argue that Diaz was an agent of Appellees for twelve months prior to being instructed to rent out the premises for $9,000 and was given the keys to the premises to facilitate his renting-out of the property. Appellants further argue that it was only after Appellees suffered a business loss of $60,000 that Appellants were asked to move out of the premises and an ejectment suit started under false pretenses.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

Appellants timely filed a notice of appeal from the denial of the Motion for Reconsideration or New Trial filed on November 23, 2016, which is an independently appealable final post-judgment order under Hawaii Revised Statutes ("HRS") section 641-1(a) (Supp. 2015). However, Appellants did not purport to appeal from or, in any event, timely appeal from the March 3, 2016 Judgment for Possession and Writ of Possession or the March 10, 2016 execution of the Writ of Possession. Therefore, this court only has appellate jurisdiction to review the denial of the Motion for Reconsideration or New Trial filed on November 23, 2016.

The grounds argued in the Motion for Reconsideration or New Trial were stated as follows:

1.  Newly discovered evidence from new witness testimony which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).
2.  Further, there was a mistake, inadvertence and excusable neglect on the part of the defendants oversight to bring a new critical arguments from a 3rd party witness testimony.
3.  The possession JUDGMENT IS VOID due to lack of subject matter jurisdiction by way of plaintiff's intrinsic fraud, perjured testimony, lack of standing, misrepresentation and other misconduct by the plaintiff and his attorney.
4.  Insufficient process of service because the "writ of ejectment" was not served on the defendants.

Thus, Appellants' motion appears to have been based on District Court Rules of Civil Procedure ("DCRCP") 60(b)(1)(2)(4).

Orders granting or denying motions for reconsideration

2

under DCRCP Rule 60(b)(1) and 60(b)(2) are reviewed for abuse of discretion, while orders granting or denying motions under DCRCP Rule 60(b)(4) are reviewed de novo. Appellants failed to specify the new evidence or that it had been discovered post-trial. Moreover, they failed to establish any mistake, inadvertance, or excusable neglect with regard to any third party witness testimony. "Generally, to constitute an abuse of discretion a court must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."[2/] *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992). In this case, the District Court did not abuse its discretion in denying Appellants' motion for reconsideration based on DCRCP Rule 60(b)(1) or (2).

The District Court did not lack subject matter jurisdiction and thus the possession judgment was not void. "Nothing in [HRS] section 604-5 shall preclude a district court from taking jurisdiction in ejectment proceedings where the title to real estate does not come in question at the trial of the action." Haw. Rev. Stat. § 604-6 (1993). In order to put title at issue, Appellants were required to assert "by a written answer or written motion, . . . the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of the defendant's claim." Haw. Dist. Ct. R. Civ. P. 12.1. Appellants did not contest title to the property based on the alleged $9,000/month oral lease agreement, and did not file a written answer or written motion setting forth the source, nature and extent of the title claimed.[3/] Thus, the District Court did

_____

[2/]     We construe the "writ of ejectment" that Appellants refer to in their motion as the Writ of Possession, which was issued in conjunction with the Judgment for Possession. Appellants' claim to the District Court that there was insufficient service of the Writ of Possession is not a basis for reconsideration or a new trial. Service of the Writ of Possession follows issuance of the Writ of Possession. Thus, lack of service of the Writ of Possession could not have affected the legitimacy of the writ itself.

[3/]     Before the District Court, Appellants moved to dismiss Appellees' complaint for ejectment, contending that Appellees had quitclaimed the premises to a family trust of which Diaz was the trustee and that the quitclaim deed established title to the premises. The denial of the motion without prejudice is reflected only in the court minutes for February 26, 2016. Appellants do not appeal from that denial and do not raise or address

not lack subject matter jurisdiction over the ejectment action and was not wrong in denying Appellants' motion for reconsideration based on DCRCP Rule 60(b)(4).

To the extent that any of Appellants' arguments on appeal differ from those made in the Motion for Reconsideration or New Trial, those arguments are waived. Haw. R. App. P. 28(b)(4).

Therefore, IT IS HEREBY ORDERED that the denial of the Motion for Reconsideration or New Trial filed on November 23, 2016, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, August 23, 2017.

On the brief:

Mark A. Diaz and
Wilemina E. Hemmy,
Pro Se Defendants-Appellants.

Presiding Judge

Associate Judge

Associate Judge

---

that argument on appeal, however, and therefore it is waived.

4